## JOHN E. HOWELL v. PETER VAN NESS.

1. Where an order dismissing an appeal for want of prosecution has been regularly made, it is a final order.
2. The court may reinstate the appeal at a subsequent term, but it must be for good cause shown, as when the appellant has a meritorious defence, which by some surprise he has been prevented from showing.
3. The reinstatement of an appeal is not a matter of discretion, and if done improperly, the proceedings may be set aside in this court by *certiorari*.

*Certiorari* to set aside an order of the Court of Common Pleas of the county of Warren, dismissing an appeal.

The case was argued in the branch court before Justices HAINES, VAN DYKE, and BEDLE, by *T. N. McCarter*, for plaintiff in *certiorari*, and *A. G. Richey*, contra.

HAINES, J. From a judgment recovered in a court for the trial of small causes by Howell, Van Ness, the defendants, appealed to the Court of Common Pleas of Warren. When the appeal was regularly called for hearing, according to the course of practice of the court, the appellant failed to appear and move his appeal, and it was dismissed for want of prosecution; and leave was granted to the appellee to take

the appeal bond from the files, and it was accordingly taken and an action upon it commenced.

At a subsequent term, on the allegation of surprise upon the appellant and merits in his defence, the court granted a rule to show cause why the appeal should not be reinstated, and also a rule to take affidavits. On hearing the rule to show cause, the only evidence of surprise was, that the appellant was ignorant of the time of hearing appeals, and had neglected to inform himself on the subject.

In the attempt to show merits, the testimony disclosed an entire want of merits; that the promissory note on which the action was brought was made by the appellant; that he had promised to pay and pretended to pay it, by giving a check upon a bank in which he knew he had no funds.

The Court of Common Pleas, not upon the ground of surprise and merits, but upon some error, real or supposed of the justice, ordered the appeal to be reinstated. To set aside that order the writ of *certiorari* was taken.

Of the power and duty of the Court of Common Pleas to dismiss an appeal for want of prosecution, there can be no question. One of the terms upon which the appeal is granted is, that the appellant shall enter into bond to appear and prosecute it. The operation of the judgment is suspended, until a new judgment is given or the appeal dismissed. On failure to prosecute the appeal, the only proper relief to be afforded to the appellee is to dismiss it. *Read* v. *Rocap*, 4 *Halst.* 347; *Lum* v. *Price*, 1 *Halst.* 195.

The power to reinstate an appeal is equally clear. But it must be for some good cause shown. If it were dismissed on a misapprehension of the law, as in *Case* v. *Rowland*, 2 *Harr.* 76; or on a mistake of the facts, as in *Adams* v. *Mathias*, 3 *Harr.* 310, it is the duty of the court to reinstate; and if it refuse, a *mandamus* will issue from this court commanding it to be done.

So where the appellant has a meritorious defence, which by some surprise, he has been prevented from showing, the

only redress is by reinstating the appeal to afford him the opportunity.

But when an appeal has been properly dismissed, and there is no error in law or mistake in fact and no surprise, the power of the Common Pleas over it is gone. Their jurisdiction is then exhausted, and they cannot legally reinstate the appeal. Their decision in such case is as final as if they had rendered judgment upon the merits, and they have no power to reinstate or to grant a new trial.

It is suggested that the order to reinstate an appeal is the exercise of a discretion, and not assignable for error; that it is like the granting of a new trial in a common law court, which no writ of error will correct. But it is not a matter of discretion. If the appeal had been improperly dismissed the court was bound to reinstate it; and on refusal so to do would, by a writ of *mandamus*, be required to do it.

The office of the writ of *mandamus* is to require to be done some manifest duty, not the exercise of a mere discretion. It never commands the granting of a new trial, nor the hearing or continuance of the trial of a cause, nor the allowance of an amendment of a pleading. These and other incidental orders in the progress of a cause, are so peculiarly subjects for the exercise of the discretion of the court as not to be assignable for error or effected by a writ of *mandamus*. But the reinstating of an appeal is the subject of *mandamus*. When proper to be done, it is a matter of duty and not of discretion; and a mistake in the discharge of the duty may be assigned for error.

In this case there was clearly an error in the Court of Common Pleas. The appeal was lawfully dismissed, and there was no legal ground on which it could be reinstated.

Let the rule to reinstate the appeal be set aside and for nothing holden.

BEDLE, J., concurred.